**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| HALI ANASTOPOULO, individually, and on behalf of all others similarly situated, | **)** **)** **)** **)** **)** |
| Plaintiff, | **)** **)** |
| v. | **)** Docket No. 2:26-cv-00753-BHH |
| | **)** |
| FEDEX CORPORATION, | **)** **)** |
| Defendant. | **)** **)** |
| | **)** |

**DEFENDANT FEDEX CORPORATION'S CONSENT MOTION TO TRANSFER
VENUE UNDER 28 U.S.C. §1404(a) AND SUPPORTING MEMORANDUM OF LAW**

Defendant FedEx Corporation[1] ("FedEx"), pursuant to 28 U.S.C. §1404(a), the Federal Rules of Civil Procedure, and Local Rule 7.01 of the U.S. District Court for the District of South Carolina files its motion to transfer venue in this case to the Western District of Tennessee by consent as follows:

**<u>INTRODUCTION</u>**

Plaintiff Hali Anastopoulo alleges she was a FedEx customer, whom the company billed for tariffs imposed pursuant to the International Emergency Economic Powers Act ("IEEPA") as well as various shipping and customs clearance fees associated with the IEEPA tariffs. The U.S. Supreme Court subsequently ruled that these IEEPA tariffs were unlawful. Plaintiff, on behalf of herself and similarly-situated FedEx customers, asserts breach of contract and unjust enrichment

---

[1] Defendant FedEx Corporation is not the proper legal entity as it is the holding company of Federal Express Corporation and FedEx Logistics, Inc. Both subsidiaries have their principal place of business in Memphis, Tennessee.

claims, seeking refunds of IEEPA tariffs and associated fees paid to FedEx.  On the same day she filed this action, Plaintiff filed an identical action in the U.S. District Court for the Western District of Tennessee.[2]  Additionally, including this action, there are 10 similar putative class actions filed in four different district courts currently pending. [3] Of these, five are already in the Western District of Tennessee, the proposed transferee court.

The Western District of Tennessee is the natural forum for this dispute. [4]  FedEx is a for-profit corporation formed in Delaware and with its principal address and corporate headquarters in Memphis, Tennessee.[5] FedEx Logistics, Inc., the FedEx subsidiary which acted as customs broker for Plaintiff's transaction at issue in this action as well as the transactions of other FedEx shipping customers, also has its principal address and corporate headquarters in Memphis,

---

[2] *Anastopoulo v. FedEx Corp.*, No. 2:26-cv-02181 (W.D. Tenn.), filed on February 20, 2026.

[3] (1) *Reiser v. Federal Express Corp. and FedEx Logistics, Inc.,* Southern District of Florida, Case No. 1:26-cv-21328-JB (filed 2/27/2026); (2) *Cycle Limited, LLC and Nicholas R. Metcalf v. Federal Express Corp. and FedEx Logistics, Inc.,* Southern District of Florida, Case No. 9:26-cv-80232 (filed 3/5/2026); (3) *Anastopoulo v. Federal Express Corp..,* District of Delaware, Case No. 1:26-cv-00236-UNA (filed 3/6/2026); (4) *Deburro v. Federal Express Corp. and FedEx Logistics, Inc.,* Western District of Tennessee, Case No. 2:26-cv-02240 (filed 3/6/2026); and (5) *Rosado v. FedEx Corp.,* Southern District of New York, Case No. 1:26-cv-01861 (filed 3/6/2026); (6) *Kevin Ross v. FedEx Corp.*, Southern District of New York, Case No. 1:26-cv-02227 (filed 3/18/2026); (7) *Gloria Avalos v. FedEx Corp..* Western District of Tennessee, Case 2:26-cv-02289 (filed 3/18/2026); (8) *Jared Tran v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02291 (filed 3/18/2026); and (9) *Oyekanmi Falode v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02291 (filed 3/18/2026).

[4] To the extent any class member's cause of action arises out of or relates to their or the shippers' use of fedex.com, the fedex.com terms of use require that any such claim "be brought in a court of competent jurisdiction within Shelby County, Tennessee." *See* https://www.fedex.com/en-us/terms-of-use.html#14n

[5] *See* "Entity Detail" for FedEx Corporation from the Tennessee Secretary of State Business Entity Search Website (last visited March 25, 2026), attached hereto as **Ex. A**.

2

Tennessee.[6] Finally, FedEx witnesses  with knowledge of Plaintiff's shipping transaction, the transactions of other FedEx shipping customers, and the company's shipping and customs brokerage services are located in Memphis, Tennessee.[7]

Because Plaintiff consents to the requested change of venue, the convenience of the parties and witnesses favors the change, and it is in the interest of justice, FedEx's motion should be GRANTED.

## LAW AND ARGUMENT

A.     28 U.S.C. §1404(a) Standard

Motions to transfer venue are governed by 28 U.S.C. §1404(a), which states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of such transfer is to "prevent that waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Further, §1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individual, case-by-case consideration of convenience and fairness," which requires the court to "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

B.     Analysis of Non-Exhaustive Factors

Assessing the propriety of transfer requires the court to engage in a two-step analysis.  The first step is determining whether the action could have been brought in the venue in which transfer

---

[6] *See* Declaration of Susan Marok, Par. 4, attached as **Ex. B**.

[7] *See* Declaration of Susan Marok, Pars. 2, 6, 7; Declaration of Mike Lytle, Pars. 2, 6, 7 (attached as **Ex. C**); and Declaration of Clint Young, Pars. 2, 9, 10 (attached as **Ex. D**).

is sought. *See* 28 U.S.C. §1404(a). Here, Plaintiff does not dispute that this action could have been brought in the Western District of Tennessee. Indeed, she simultaneously filed an identical action there. Moreover, based on Plaintiff's allegations, the Western District of Tennessee has subject matter jurisdiction under 28 U.S.C. §1332(d)(2). *See* Plaintiff's Complaint, DE 1, PageID #2, Par. 4. And, venue is proper there because Memphis is within the Western District of Tennessee. *See* 28 U.S.C. §1391(b) (providing a civil action may be brought in "a judicial district in which any defendant resides").

The second step involves weighing the factors bearing on convenience and fairness. South Carolina district courts consider the following non-exhaustive list of factors when deciding a motion to transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative case of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Realson v. Univ. Med. Pharms. Corp.*, No. 4:09-cv-3277-TLW-TER, 2010 U.S. Dist. LEXIS 55063 at *7-8 (D. S.C. May 6, 2010).

i.      Plaintiff's initial choice of forum favors transfer.

Plaintiff consents to FedEx's motion to transfer this action to the Western District of Tennessee. And, by filing an identical action in that court, she concedes that forum is, at least, as convenient to her as this court. Further, even if Plaintiff expressed a preference for the District of South Carolina as the forum for this action, her decision to seek to represent a nationwide class "weakens [her] choice of forum as a factor to be considered." *Id*. at *10.

4

ii.    Residence of the parties favors transfer.

Plaintiff is "a resident citizen of the State of South Carolina." *See* Plaintiff's Complaint, DE 1, PageID #1, Par. 1.  This is the only thread connecting this action to this forum.  Indeed, Plaintiff does not even allege that the shipping transaction for which she seeks relief took place in South Carolina.  On the other hand, FedEx resides within the Western District of Tennessee. Coupled with this being a purported nationwide class action, this factor weighs in favor of transfer. *Realson*, 2010 U.S. Dist. LEXIS at *11-12.

iii.    The relative ease of access to proof and the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses favor transfer.

Key witnesses regarding FedEx's customs brokerage services (including the payment of tariffs and other duties), who are employed by the customs broker, are also located in Memphis, Tennessee.  Here, in the Declarations of Clint Young, Susan Marok, and Mike Lytle, FedEx described the relationship between the company and its third-party customs broker, which acted as importer of record for Plaintiff's shipping transaction and the transactions of the putative nationwide class. The declarations further identified specific employees of both FedEx and its customs    broker,    who    the    company anticipates calling as witnesses.  These witnesses would testify to FedEx's customs brokerage operations, tariff collection practices, billing procedures, shipping service pricing structure, and other topics related to the shipping transactions at issue.  All of these employees are located in the Western District of Tennessee, and requiring them to travel to South Carolina for depositions and trial would impose unnecessary burdens when the case could instead proceed where they work.   In *Realson*, the court acknowledged that the convenience of non-party witnesses should be accorded some weight in deciding a motion to transfer venue. *Id*. at *13.

Because FedEx's witnesses are located in the Western District of Tennessee, this factor tips in favor of transfer.

iv.    The interest in having localized controversies settled at home also favors transfer.

"[I]t is well held that states have an interest in adjudicating the rights of their citizens." *Id*. at *15. But, because this case is a purported, nationwide class action, this court only "has as much interest in the outcome of this case as any other district with respect to the [putative] class members." *Id*. Here, the Western District of Tennessee includes both consumers of FedEx shipping services who ostensibly paid IEEPA tariffs, *and* FedEx itself resides there. Thus, the Western District of Tennessee has at least a slightly higher interest in adjudicating this action.

Also, important for consideration is that an identical proposed, nationwide class action filed by the same plaintiff is already pending against the same defendant in the Western District of Tennessee. "District courts within the Fourth Circuit, as well as others, have held that transfer of an action to a district within which a related action is pending promotes the interests of justice by promoting judicial economy and avoiding inconsistent judgments." *Realson*, 2010 U.S. Dist. LEXIS at *16. In addition to the instant action and the lead case pending in the Western District of Tennessee, nine other putative class actions asserting similar claims based on the same alleged facts are pending in other district courts. Five of them were also filed in the Western District of Tennessee. Plaintiff's counsel in this action, who is responsible for four of the pending class actions, consents to transferring them to the Western District Court, and FedEx has moved to transfer them all there.

Fourth Circuit district courts have found this factor to be of paramount importance in considering motions to transfer venue. For example, in *Byerson v. Equifax Info. Servs., LLC*, 467 F.Supp.2d 627, 637 (E.D. Va. 2006), the court found that the plaintiffs' choice of forum, the

convenience of the parties, and the convenience of witnesses each weighed against transfer.  But, because related class actions were pending in the transferee district, the court granted the motion to transfer venue, recognizing that the actions involved the same provision of federal law and alleged the same basic conduct by the same defendants.

Here, Plaintiff's claims in this action are identical to those asserted in the action pending in the Western District of Tennessee, the claims are asserted against the same defendant, the alleged conduct supporting the claims is identical, and the purported class members are identical.

The interests of justice favor transfer.

v.    The other factors are neutral.

Factors five, six, seven, eight, nine and eleven, which consider the enforceability of a judgment (if obtained) and the respective courts' abilities and capacities to try the action, do not favor one venue over the other.

### **CONCLUSION**

Here, in light of the identical action pending in the Western District of Tennessee, the interests of justice and efficiency weigh in favor of transfer.  Additionally, balancing the non-exhaustive factors, at least five clearly favor transfer.  The other six are, at best, neutral.

Based on the foregoing, FedEx prays the court enter an order granting its consent motion to transfer venue pursuant to 28 U.S.C. §1404(a) and awarding it such other and further relief to which FedEx may be entitled.

DATED:  March 26, 2026

Respectfully submitted,

/s/*Harmon L. Cooper*
Harmon L. Cooper
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20024-2595
Telephone: (202) 624-2617
MCooper@crowell.com

*Attorney for FedEx Corporation*
Federal ID Number: 14444


*/s/ Paul J. Doolitte*
Paul J Doolittle
Poulin Willey Anastopoulo LLC
32 Ann Street
Charleston, SC 29403
843-834-4712
Email: paul.doolittle@poulinwilley.com

*Attorney for Plaintiff*
Federal ID Number: 6012

8

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.02 of the U.S. District Court for the District of South Carolina, the undersigned hereby certifies that on March 26, 2026 counsel for FedEx consulted with Paul Doolittle, counsel for Plaintiff, regarding the relief sought in this motion. Plaintiff consents to the transfer of this action to the Western District of Tennessee.

/s/*Harmon L. Cooper*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2026, a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system.

/s/*Harmon L. Cooper*